■ LAWYERS' FUND FOR CLIENT PROTECTION OF THE STATE OF NEW YORK, Appellant, v CHEMICAL BANK et al., Respondents. [668 NYS2d 23] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 11, 1996, which, insofar as appealed from, granted defendant depositary bank's motion for summary judgment dismissing plaintiff Lawyers' Fund for Client Protection's cause of action for money had and received, unanimously affirmed, without costs.

Plaintiff's subrogor received her entire share of the settlement proceeds, except for $125,000, the amount that she agreed to lend her attorneys, for which she accepted their promissory note and collected interest for two years. By this conduct, plaintiff's subrogor ratified her attorneys' negotiation of the settlement check, which was payable to both the client and the attorneys. Her loss was not the result of defendant depositary bank's actions but of the trust she placed in her attorneys and their failure to repay the loan. Under these circumstances, where the settlement proceeds were distributed as intended, it does not avail plaintiff to argue that its subrogor cannot be deemed to have ratified the endorsement because she did not know that she was a co-payee on the check and that her endorsement was forged (see, UCC 3-404; Stella v Dean Witter Reynolds, 241 NJ Super 55, 66-67, 574 A2d 468, 474; cf., Tonelli v Chase Manhattan Bank, 41 NY2d 667, 670-671). We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Andrias and Colabella, JJ.